USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/29/2018__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE INOA,

                Petitioner,

        -v-

JOSEPH T. SMITH,

                Respondent.
---------------------------------------------------------------X

**OPINION & ORDER**

16-CV-2708 (VEC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

*Pro se* petitioner Jose Inoa has requested that the above-captioned habeas proceeding be stayed in order to permit him to pursue a claim of ineffective assistance of trial counsel in New York state court. Respondent opposes Inoa's request. For the reasons set forth below, Inoa's request for a stay is denied.

**I.**

For a full recitation of the underlying facts and procedural history of this case, the Court incorporates by reference its Report and Recommendation dated August 29, 2018 recommending the denial of Inoa's petition. The facts relevant to Inoa's request for a stay are as follows:

On July 1, 2010, Inoa was convicted in New York state court of seven counts arising from his shooting and killing of a rival drug dealer. He was sentenced to an aggregate prison term of 73 and 1/3 years to life. Inoa challenged his conviction by direct appeal in the New York state courts. On June 10, 2015, the New York Court of Appeals unanimously affirmed his conviction.

On April 12, 2016, Inoa filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, in which he challenged his state court conviction on various grounds (Dkt. No.

1

1). However, the habeas petition did not include a claim of ineffective assistance of counsel. On June 2, 2016, Inoa filed a petition for writ of error *coram nobis* in New York state court, contending that he was deprived of his right to effective assistance of appellate counsel. By letter dated June 21, 2016, Inoa sought a stay of his petition pending resolution of the *coram nobis* proceeding (Dkt. No. 7). By order dated July 28, 2016, this Court (1) stayed Inoa's habeas proceeding pending resolution of the *coram nobis* proceeding, and (2) deemed his habeas petition "to include unexhausted claims raised in [Inoa's] Coram Nobis petition" (Dkt. No. 12).

On January 23, 2017, the New York Court of Appeals rejected Inoa's application for leave to appeal the denial of his *coram nobis* petition. Subsequently, on February 3, 2017, this Court lifted the stay on the habeas proceeding (Dkt. No. 18). Thereafter, the parties fully briefed the issues raised in the habeas petition.

In a letter dated May 2, 2018, Inoa stated that he "recently discerned a major flaw" in his <u>trial</u> counsel's assistance, and that he wished to present this ineffective assistance claim to the New York state courts (Dkt. No. 37). As such, Inoa requested that his habeas proceeding be stayed a second time while he now pursues this new ineffective assistance of trial counsel claim in New York state court (*id.*). On May 23, 2018, Respondent's counsel, Assistant District Attorney Philip Morrow, filed an affirmation in opposition to Inoa's request (Dkt. No. 39, "Morrow Affirm.").

## II.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court addressed a district court's authority to issue a stay and abeyance of habeas corpus petitions in limited circumstances. The purpose of the stay and abeyance is "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected

petition." *Rhines*, 544 U.S. at 271–72. Thus, a petitioner must have a mixed petition—one that contains both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 277–78 (discussing staying of a mixed petition to permit litigation of unexhausted state claims). "[I]f a petitioner meets this threshold inquiry, a stay and abeyance may only be granted if: (1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless[;] and (3) the petitioner has not engaged in intentionally dilatory tactics." *Clarke v. Griffin*, No. 13-CV-4812 (NSR) (JCM), 2016 WL 206476, at *3 (S.D.N.Y. Jan. 14, 2016) (internal quotations omitted) (citing *Rhines*, 544 U.S. at 277–78).

As an initial matter, and as Respondent points out (Morrow Affirm. ¶ 16), Inoa's case does not present the Court with a "mixed petition"—*i.e.*, a petition containing both exhausted and unexhausted claims—because Inoa's ineffective assistance of trial counsel claim was not raised *at all* in his habeas petition (nor was it raised in his *coram nobis* petition, which only challenged the conduct of his appellate counsel). Under such circumstances, "courts in this circuit have generally required the petitioner first to seek leave to amend the petition to add the new claim before applying the *Rhines* test." *Wilson v. Capra*, 281 F. Supp. 3d 289, 291 (E.D.N.Y. 2017) (citation and alteration omitted); *Terry v. Conway*, No. 11-CV-2647 (RRM), 2013 WL 4458734, at *2 (E.D.N.Y. Aug. 16, 2013) (where habeas petition is not mixed, petitioner's "motion for a stay is premature"). Here, Inoa has not sought leave to amend his petition to add an ineffective assistance of trial counsel claim. Accordingly, his request for a stay is premature and is denied on this basis alone.

Even if not premature, Inoa's request for a stay would still fail the *Rhines* test because Inoa does not provide sufficient information with which to evaluate (i) whether "good cause" exists for his failure to exhaust the claim in state court, as well as (ii) whether the claim is

"plainly meritless." Indeed, Inoa's one-paragraph letter offers no detail whatsoever about his purported ineffective assistance of trial counsel claim; in the absence of such detail, the stay request is denied on this basis as well. *See, e.g.*, *Wilson*, 281 F. Supp. 3d at 290 (denying stay request where petitioner "fails to state on what basis he seeks to vacate his conviction in state court" such that the court "cannot determine whether Petitioner has shown good cause or whether the claim is potentially meritorious"); *Martinez v. Mariuscello*, No. 16-CV-7933 (RJS), 2017 WL 2735576, at *2 (S.D.N.Y. June 23, 2017) (denying stay request where petitioner "provides no reason at all for his failure to exhaust his claims"); *Sell v. Conway*, No. 10-CV-6182P, 2012 WL 1114127, at *2 (W.D.N.Y. Mar. 30, 2012) (where petitioner sought stay based on claim involving "alleged newly-discovered evidence" but "provided far too little information" about the claim, court "cannot determine whether [petitioner's] claim is 'plainly meritless' or whether he can demonstrate good cause for failing to exhaust this claim earlier;" motion for stay denied).

Moreover, in light of the fact that Inoa was convicted in July 2010, he fails to explain in his letter requesting the stay why it has taken him approximately eight years to discover the purported "major flaw" in his trial counsel's representation. This unexplained delay further warrants the denial of his request for a stay. *See, e.g.*, *Young v. Great Meadow Corr. Facility Superintendent*, No. 16-CV-1420 (PAE) (BCM), 2017 WL 480608, at *6 (S.D.N.Y. Jan. 10, 2017) (stay request denied where petitioner "offers no explanation for his failure to raise" claim for ineffective assistance of trial counsel, including whether this claim "arises from the conduct of the trial itself" or "from matters outside of the trial court record").

4

**III.**

Finally, even if Inoa's request for a stay is treated as a motion for leave to amend his habeas petition under Rule 15 of the Federal Rules of Civil Procedure, it should still be denied. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." However, leave to amend may be denied when there is a sound basis for doing so, such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In this regard, "[w]hen the claims that a petitioner seeks to add to a habeas petition are untimely under the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), 28 U.S.C. § 2244(d)(1)(a), the amendment is futile, and leave to amend should be denied." *Sookoo v. Heath*, No. 09-CV-9820 (JGK), 2011 WL 6188729, at *3 (S.D.N.Y. Dec. 12, 2011) (citations omitted). Here, as Respondent correctly observes, "732 includable days have passed between [Inoa's] conviction becoming final [on September 8, 2015] and his effort to raise an ineffective assistance of trial counsel claim" on May 2, 2018 (Morrow Affirm. ¶ 22). Thus, Inoa's attempt to amend his petition by adding a new ineffective assistance claim falls outside of AEDPA's one-year statute of limitations.

Furthermore, Inoa is unable to escape AEDPA's one-year time limit either through "relation back" under Rule 15(c) or through the doctrine of equitable tolling. For the former, Inoa "must establish that his new proposed ineffective assistance of counsel claim is 'tied to a common core of operative facts' in which case 'relation back will be in order.'" *Elliot v. Kirkpatrick*, No. 17-CV-7529 (KPF) (KNF), 2018 WL 2021713, at *3 (S.D.N.Y. Mar. 30, 2018) (quoting *Mayle v. Felix*, 545 U.S. 644, 664 (2005)). In this case, as noted, Inoa fails to provide any legal or factual basis for his purported ineffective assistance of trial counsel claim, and as

such, he cannot make the showing necessary to establish that his new claim relates back to the ineffective assistance claims he had raised in his *coram nobis* petition (which solely concerned his appellate counsel). *See, e.g.*, *McNeil v. Capra*, No. 13-CV-3048 (RA), 2015 WL 4719697, at *7 (S.D.N.Y. Aug. 7, 2015) (denying motion to amend where petitioner "has not provided any information on the substance of his claim, and the Court cannot determine whether the claim meets the requirements of Rule 15(c)"); *Sookoo*, 2011 WL 6188729, at *6 (concluding that "mere assertion of an ineffective assistance of trial counsel claim in the original petition" did not provide "sufficient nexus to the new claim for relation back"). Likewise, Inoa fails to demonstrate "that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing," as required for him to be entitled to equitable tolling. *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The Supreme Court has recognized that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Rhines*, 544 U.S. at 277. Inoa provides no reason in this case to deviate from AEDPA's objective of encouraging finality. *See, e.g.*, *Hall v. Woods*, No. 07-CV-9264 (PAC) (LMS), 2012 WL 2864505, at *6 n.4 (S.D.N.Y. July 12, 2012) ("Leave to amend would not be appropriate at this late stage in the proceedings – nearly four years after the AEDPA statute of limitations period has expired – and would result in undue delay and prejudice the state's interest in the finality of criminal judgments.").

## IV.

For all the foregoing reasons, Inoa's request for a stay of his habeas proceeding is denied.

**SO ORDERED.**

Dated: New York, New York
August 29, 2018

_____
JAMES L. COTT
United States Magistrate Judge

**A copy of this Opinion and Order has been mailed to the following:**

Jose Inoa, DIN 10A6079
Attica Correctional Facility
Box 149
Attica, NY 14011-1049