USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/9/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE INOA,

                Petitioner,

-against-

JOSEPH T. SMITH,

                Respondent.

16-CV-2708 (VEC) (JLC)

ORDER

VALERIE CAPRONI, United States District Judge:

Petitioner Jose Inoa, appearing *pro se*, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions in New York State Supreme Court, New York County, for murder in the first degree, murder in the second degree, attempted murder in the second degree, conspiracy in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. *See* Pet., Dkt. 1. On August 29, 2018, Magistrate Judge James Cott issued a Report and Recommendation ("R&R") recommending that the Petition be denied in its entirety. *See* R&R, Dkt. 40. No party submitted objections to the R&R. For the following reasons, the R&R is ADOPTED in full. The Petition is DENIED.

**BACKGROUND**

Petitioner's convictions arise out of charges that he murdered a rival drug dealer in January 2005. *See* R&R at 1–3. In 2010, a jury convicted him of the crimes referenced above, and the New York State Supreme Court sentenced him to a term of imprisonment of 73 1/3 years to life. *See id.* at 3. Petitioner appealed to the New York State Appellate Division, First Department, and the New York Court of Appeals, both of which affirmed his conviction. *See id.*

1

at 17–18 (citing *People v. Inoa*, 25 N.Y.3d 466 (2015); *People v. Inoa*, 109 A.D.3d 765 (1st Dep't 2013)).

On April 12, 2016, Petitioner filed the Petition with this Court. *See* Pet. On June 2, 2016, Petitioner filed a writ of error *coram nobis* with the New York State appellate courts. *See* R&R at 19–20. Judge Cott stayed the Petition pending resolution of the *coram nobis* application; the state courts subsequently denied that application. *See id.* at 19–20 & n.7. On June 5, 2017, Respondent filed his opposition to the Petition. *See id.* at 21. On July 21, 2017, Petitioner filed a reply in further support of the Petition. *See id.* at 21.

On May 2, 2018, Petitioner moved to stay the Petition while he exhausted new claims before the state courts; *see* Ltr., Dkt. 37; Judge Cott denied the motion to stay, *see* Opinion and Order (Aug. 29, 2018), Dkt. 41.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no timely objection has been made by either party, "a district court need only find that there is no clear error on the face of the record in order to accept the report and recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (a district court "may adopt those portions of the [magistrate's] report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b))). Failure to file timely objections to the magistrate's report constitutes a waiver of those objections both within the district court

2

and on appeal. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Court finds no clear error in Judge Cott's careful and comprehensive R&R. Although the New York Court of Appeals identified errors in Petitioner's trial, those errors pertained almost entirely to evidentiary rulings under state law. *See* 25 N.Y.3d at 473–76. As Judge Cott correctly points out, *see* R&R at 41–43, "a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review" unless "the challenged evidentiary rulings in the state proceedings affect the fundamental fairness of those proceedings." *McKinnon v. Superintendent*, 422 F. App'x 69, 72–73 (2d Cir. 2011) (citing *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir. 2006); *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (per curiam)). "Such unfairness will result" only if the erroneously admitted evidence "was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Id.* at 73 (quoting *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985)). In light of the overwhelming evidence adduced at Petitioner's trial, this Court concurs with Judge Cott that any errors of state law did not deprive Petitioner of a fundamentally fair trial. *See id.*; *see also Williams v. Jacobson*, No. 15-CV-5319, 2016 WL 4154700, at *19 (S.D.N.Y. Aug. 5, 2016) (collecting cases), *report and recommendation adopted*, 2016 WL 7176648 (S.D.N.Y. Dec. 7, 2016).

Additionally, Judge Cott did not clearly err in finding that Petitioner's Confrontation Clause argument has not been exhausted and is procedurally barred. *See* R&R at 43–45 & n.19.[1]

---

[1] Judge Cott held that Petitioner's confrontation argument was not exhausted because Petitioner did not present it to the New York Court of Appeals, *see* R&R at 43–44; indeed, the Court of Appeals found that there was "no developed denial-of-confrontation claim presented" in Petitioner's appeal. 25 N.Y.3d at 473. Nevertheless, Judge Cott acknowledged that "[i]t is conceivable" that a court could find that Petitioner properly exhausted this argument, because Petitioner relied on case law relating to the Confrontation Clause as part of his state appeal. *See*

3

Even if this argument were procedurally proper, Judge Cott did not clearly err in finding that the New York Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established federal law. *See id.* at 45–49. Specifically, the Court of Appeals found that most, if not all, of the out-of-court statements on which Petitioner's Confrontation Clause argument relies were not testimonial under the Confrontation Clause, as they were principally statements of co-conspirators and statements of declarants who later testified and were subject to cross-examination. *See* 25 N.Y.3d at 473. To the extent that any out-of-court statements do not fall into these categories, any error would undoubtedly be harmless in light of the overwhelming evidence of guilt adduced at trial. *See Freeman v. Kadien*, 684 F.3d 30, 34 (2d Cir. 2012); *see also, e.g.*, *United States v. Dukagjini*, 326 F.3d 45, 61–63 (2d Cir. 2003).

As to Petitioner's other arguments, the Court concurs with Judge Cott's R&R and finds that there is no clear error.

## CONCLUSION

For all the foregoing reasons, this Court ADOPTS the R&R in its entirety. The Petition is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See Middleton v. Attorneys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (per curiam). In addition, because the R&R gave the parties adequate warning, *see* R&R at 74, the parties' failure to file written objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008). Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

---

R&R at 45 n.19. Petitioner has not objected to the R&R. Although a court might reasonably decide the issue the other way, Judge Cott's finding that Petitioner failed to exhaust his confrontation argument is not clear error.

any appeal from this Order would not be taken in good faith, and permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner, to note mailing on the docket, to terminate all open motions, and to CLOSE the case.

**SO ORDERED.**

**Date:  February 9, 2019**
        **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**